UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FABIAN LOPEZ BENITEZ,

Petitioner,

v. Case No. 3:26-cv-2182-MMH-LLL

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.

# TEMPORARY RESTRAINING ORDER

Petitioner Fabian Lopez Benitez, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on August 21, 2026. Benitez argues, inter alia, that he is not subject to mandatory detention and is entitled to a bond hearing. Id. at 3. As relief, he asks the Court to direct Respondents to release him or provide him with an individualized bond hearing. Id. at 5.

Along with his Petition, Benitez has filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3). In the Motion, he asks the Court to enjoin Respondents from transferring him outside of this Court's jurisdiction during the pendency of this case. Id. at 3.

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an extraordinary and drastic remedy." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To secure an injunction, a party must establish four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Citizens for Police Accountability Pol. Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (internal citation omitted); Keister v. Bell, 879 F.3d 1282, 1287–88 (11th Cir. 2018). Notably, where the government is the party opposing the injunction, the third and fourth factors merge. See Gonzalez v. Governor of Ga., 978 F.3d 1266, 1271 (11th Cir. 2020) (discussing elements of a preliminary injunction against a government entity). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Upon review of the record, the Court finds that Benitez has shown a substantial likelihood of success on his claim that his mandatory detention is unlawful. And considering the allegations in the Motion and Petition, the Court finds that a temporary restraining order to maintain the status quo is

warranted. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982) ("One inherent characteristic of a temporary restraining order is that it has the effect of merely preserving the status quo[.]"). Without interim relief to maintain the status quo, Benitez's transfer outside of this Court's jurisdiction could delay the Court's adjudication of this case. If he is ultimately granted the relief he seeks (release from ICE custody), he may incur costs and potentially face difficulties in returning home. The exigency of Benitez potential unlawful detention and removal from this District necessitates entry of this temporary restraining order without notice to Respondents. As such, the Motion is granted to the extent that the Court will enjoin Respondents from removing Benitez from the Middle District of Florida. Moreover, because there is no realistic likelihood of prejudice to Respondents from the issuance of this limited restraint, the Court exercises its discretion to dispense with the requirement that Benitez provide security under Rule 65(c), Federal Rules of Civil Procedure (Rule(s)). See Ajugwe v. Noem, No. 8:25-CV-982-MSS-AEP, 2025 WL 1370212, at *10 (M.D. Fla. May 12, 2025) (exercising "discretion to waive the bond requirement in Fed. R. Civ. P. 65(c)").

Accordingly, it is **ORDERED**:

1. Benitez's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) is **GRANTED in part and DENIED in part**.

The Motion is **GRANTED** to the extent that Respondents and any officers, agents, servants, employees, attorneys, and persons in active concert or participation with Respondents who receive actual notice of this Order, are enjoined from removing Benitez from the Middle District of Florida up to and including **September 8, 2026**, unless this temporary restraining order is extended or earlier dissolved. The security required by Rule 65(c) is waived. The Motion is **DENIED** in all other respects.

2. Benitez's Emergency Motion to Expedite Consideration of Petition for Writ of Habeas Corpus (Doc. 4) is **GRANTED to the extent** that the Court will consider this case as expeditiously as practicable.

3. The **Clerk of Court** shall send a copy of the Petition (Doc. 1), the Motion (Doc. 3), and this Order by **e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by **first-class mail** to the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530. All costs of service shall be advanced by the United States.

4. Upon consideration of the file, the Court will consolidate consideration of the request for a preliminary injunction with an adjudication of the Petition on the merits. <u>See</u> Fed. R. Civ. P. 65(a)(2) ("Before or after the beginning of the hearing on a motion for a preliminary injunction, the court

may advance the trial on the merits and consolidate it with the hearing.”). Therefore, by **August 28, 2026**, Respondents shall respond to the request for a preliminary injunction and show cause why the Petition should not be granted.

5. After Respondents file a response, Benitez shall file a reply to Respondents’ response by **September 2, 2026**.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of August, 2026, at 11:55 a.m.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 8/25
c:
Fabian Lopez Benitez, #A220824340
U.S. Attorney’s Office secondary email (OPLAORLFEDLIT@ice.dhs.gov)